# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.H., H.H., & A.S.**

**No. 15-0052** (Nicholas County 14-JA-51 through 14-JA-53)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Maternal Grandparents C.S. and M.S., by counsel Amber Easter, appeal the Circuit Court of Nicholas County's January 6, 2015, order denying them permanent placement of the children.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Linda Garrett, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioners argue that the circuit court erred in denying them permanent placement of the children.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and remanded to the circuit court with directions to address petitioners' visitation rights pursuant to this Court's holding in *In re Hunter H.*, 231 W.Va. 118, 744 S.E.2d 228 (2013).

On April 11, 2014, the DHHR filed an abuse and neglect petition alleging that A.S.'s mother, M.S, allowed her boyfriend to sexually abuse his daughters, A.H. and H.H., and that she failed to protect the children from the sexual abuse.[3] A.S. was initially placed in petitioners' custody. The circuit court held an adjudicatory hearing in June of 2014, during which a Child Protective Services worker testified that M.S. witnessed her boyfriend sexually abuse his daughters and failed to prevent the abuse. Based on this evidence, the circuit court adjudicated M.S. as an "abusive and neglectful" parent. That same month, the circuit court held a hearing

---

[1]Petitioners are the maternal grandparents of A.S. only. A.H. and H.H. are A.S.'s half-siblings. All three children have the same biological father.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed at the time of the lower court proceedings.

[3]A.H. and H.H.'s father voluntarily relinquished his parental rights.

1

during which the DHHR presented evidence that petitioners allowed M.S. to have contact with A.S. in violation of the circuit court's order. Subsequently, A.S. was removed from petitioners' house. After being removed from petitioners' house, A.S. was placed in the same foster home as his half-siblings, A.H. and H.H.

Thereafter, petitioners filed a motion to intervene in the underlying abuse and neglect proceeding seeking the permanent placement of only A.S. In September of 2014, the circuit court terminated M.S.'s parental rights to A.S. because she knowingly allowed her boyfriend to sexually abuse A.H. and H.H.[4]

In November of 2014, the circuit court held a permanent placement hearing in the underlying proceedings. The circuit court heard testimony that separating the children "would be a horrible set-back" in their treatment. The circuit court also heard testimony that petitioners were only interested in adopting A.H. and H.H. as a means to adopt A.S., and that they may not provide a loving and nurturing home for A.H. and H.H. After considering the testimony and discussing the best interests of the children, the circuit court denied petitioners placement of the children, and allowed all three children to remain in the foster parent's home.[5] It is from this order that petitioners appeal

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioners permanent placement of the children.

On appeal, petitioners argue that the circuit court erred in failing to apply the grandparent preference and further in finding that placement with petitioners was not in the children's best

---

[4]M.S. appealed the termination of her parental rights to A.S. in October of 2014. This Court affirmed the circuit court's termination. *See In re: A.S.*, No. 14-0999 (W.Va. Supreme Court, February 9, 2015)(memorandum decision).

[5]The circuit court also ordered that it was in A.S.'s best interest to have visitation with petitioners even after adoption was finalized.

interests. Petitioners claim the circuit court, pursuant to West Virginia Code § 49-3-1(a), should have placed the children with petitioners, as maternal grandparents, because they were granted temporary placement of A.S. at the outset of the underlying proceedings. Petitioners further argue that A.S. was removed from their custody based upon unsubstantiated allegations that they allowed M.S. to have contact with A.S. Petitioners also argue that the psychological evaluation recommendation that they were unwilling to accept all three children is false as the evaluation was performed before petitioners were advised that they were eligible to receive assistance from the State as foster care providers.

This Court has been clear that the preference for placing children with grandparents is subordinate to the best interests analysis. We have held as follows:

> West Virginia Code § 49-3-1(a) provides for grandparent preference in determining adoptive placement for a child where parental rights have been terminated and also incorporates a best interests analysis within that determination by including the requirement that the DHHR find that the grandparents would be suitable adoptive parents prior to granting custody to the grandparents. The statute contemplates that placement with grandparents is presumptively in the best interests of the child, and the preference for grandparent placement may be overcome only where the record reviewed in its entirety establishes that such placement is not in the best interests of the child.

> By specifying in West Virginia Code § 49-3-1(a)(3) that the home study must show that the grandparents "would be suitable adoptive parents," the Legislature has implicitly included the requirement for an analysis by the Department of Health and Human Resources and circuit courts of the best interests of the child, given all circumstances of the case.

Syl. Pts. 4 & 5, *Napoleon S. v. Walker*, 217 W.Va. 254, 617 S.E.2d 801 (2005); *see also In re Aaron H.*, 229 W.Va. 677, 735 S.E.2d 274 (2012) (affirming circuit court order that placed child with foster parent over grandparent based upon the child's best interests.); *In re Hunter*, 227 W.Va. 699, 715 S.E.2d 397 (2011) (the grandparent preference must be considered in conjunction with our long standing jurisprudence that "the primary goal in cases involving abuse and neglect . . . must be the health and welfare of the children." (internal citations omitted)); *In re Elizabeth F.*, 225 W.Va. 780, 696 S.E.2d 296 (2010) (holding that the grandparent preference must be tempered by a court's consideration of the child's best interests.).

Petitioners fail to address the statutory preference for placing siblings in the same home, which this Court has addressed as follows:

> W.Va.Code § 49–2–14(e) (1995) provides for a "sibling preference" wherein the West Virginia Department of Health and Human Resources is to place a child who is in the department's custody with the foster or adoptive parent(s) of the child's sibling or siblings, where the foster or adoptive parents seek the care and custody of the child, and the department determines (1) the fitness of the persons seeking to enter into a foster care or adoption arrangement

3

which would unite or reunite the siblings, *and* (2) placement of the child with his or her siblings is in the best interests of the children. In any proceeding brought by the department to maintain separation of siblings, such separation may be ordered only if the circuit court determines that clear and convincing evidence supports the department's determination. Upon review by the circuit court of the department's determination to unite a child with his or her siblings, such determination shall be disregarded *only* where the circuit court finds, by clear and convincing evidence, that the persons with whom the department seeks to place the child are unfit *or* that placement of the child with his or her siblings is not in the best interests of one or all of the children.

Syl. Pt. 4, *In re Carol B.*, 209 W.Va. 658, 550 S.E.2d 636 (2001). In this case, the record is devoid of any evidence that petitioners completed a home study or that they were suitable adoptive parents. The circuit court made its placement decision based upon the children's best interests, as this Court has directed. We have held that "'the best interests of the child is the polar star by which decisions must be made which affect children.' *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989)." *Kristopher O. v. Mazzone,* 227 W.Va 184, 192, 706 S.E.2d 381, 389 (2011). This Court recently held that, "[t]here is no statutory requirement that a home study be completed in the event that the interested grandparent is found to be an unsuitable adoptive placement and that placement with such grandparent is not in the best interests of the child." Syl. Pt. 10, *In Re: L.M. and L.S.*, -- W.Va. --, -- S.E.2d -- (May 13, 2015). In determining that placement of the children in petitioners' home was not in the children's best interests, the circuit court relied on petitioners psychological evaluations that found that petitioners should not be allowed to adopt the children. Specifically, the circuit court heard testimony that separating the children "would be a horrible set-back" in their treatment. The circuit court also heard testimony that petitioners were only interested in adopting A.H. and H.H. as a means to be able to adopt A.S. Further, at the time of the permanent placement hearing, the circuit court found that petitioners could not appropriately support A.H. and H.H. because petitioners do not believe that the children were sexually abused. For these reasons, we find that the circuit court did not err in denying placement of the children in petitioners' home, as such placement was not in the children's best interests.

Finally, however, we recognize that the circuit court erred in granting petitioners visitation with A.S. "after the adoption is finalized." We have held that "'[this Court] may, sua sponte, in the interest of justice notice plain error.' Syl. Pt. 1, in part, *State v. Myers*, 204 W.Va. 449, 513 S.E.2d 676 (1998)." Syl. Pt. 2, *In re K.L.*, 233 W.Va. 547, 759 S.E.2d 778 (2014). "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. pt. 7, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). This Court finds that the circuit court's order granting petitioners visitation after the adoption is finalized constitutes plain error, in that it is contrary to this Court's rule of law. *See* Syl. Pt. 3, *In re Hunter H.*, 231 W.Va. 118, 744 S.E.2d 228 (2013) (holding that "[p]ursuant to W.Va.Code § 48–10–902 [2001], the Grandparent Visitation Act automatically vacates a grandparent visitation order after a child is adopted by a *non-relative*. The Grandparent Visitation Act contains no provision allowing a grandparent to file a post-adoption visitation petition when the child is adopted by a *non-relative*.") (emphasis added.). Here, the record reveals that the permanent

4

placement plan for the children is adoption by a *non-relative*. Under the limited facts of this case, we find that petitioners are not entitled to grandparent visitation if the *non-relative* adoption is successful. However, this Court acknowledges that it is possible that this non-relative adoption might fail, and that the children are adopted by a relative, other than petitioners. For these reasons, we reverse and remand with directions for the circuit court to address petitioners' visitation rights as they relate to A.S., in accordance with out holding set forth in *In re Hunter H.*, *Id.*

For the foregoing reasons, we affirm the circuit court's January 6, 2015, order denying petitioner's permanent placement of the children. However, this Court reverses the circuit court's order, in part, with regard to petitioners' post-adoption visitation of A.S. and remand the case with instructions to address petitioners' visitation rights to A.S. pursuant to our holding in *In re Hunter H.*, *Id.*

Affirmed, in part, and reversed and remanded, in part, with directions.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II