# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In re: C.A. and R.A.**

**No. 16-0473** (Mercer County 14-JA-004-DS & 14-JA-005-DS)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.S., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's April 19, 2016, order terminating her parental, custodial, and guardianship rights to C.A. and R.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Raeann Osborne, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights upon insufficient evidence.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, the DHHR filed an abuse and neglect petition against petitioner and the biological father of M.S.[3] The petition alleged that petitioner and the father, T.S., subjected the children to domestic violence in the home, as indicated by disclosures from both C.A. and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

[3]M.S. is not the subject of this appeal. The DHHR later filed an amended petition to include allegations against the biological father of R.A.

1

petitioner. The petition additionally alleged substance abuse issues in the home. The DHHR initially completed a protection plan on petitioner's behalf and encouraged her to file for a domestic violence protective order, which she did. After the protective order was issued, the father appealed the same. However, petitioner moved to dismiss the protective order because she and the father reconciled. In fact, before the protective order was dismissed, petitioner and the father married. Although the protective order was dismissed, the DHHR did not return the children to petitioner's care due to the outstanding issues of domestic violence in the home. Additionally, several days later, both parents tested positive for controlled substances.

Petitioner waived the preliminary hearing in January of 2014. Thereafter, the circuit court held an adjudicatory hearing, during which petitioner stipulated to the allegations in the petition, including that she abused the children by virtue of exposing them to domestic violence. The circuit court then granted petitioner a post-adjudicatory improvement period. In May of 2014, the children were removed from their relative placement and placed in a foster home after the guardian requested the same due to concerns about the relative's failed home study.

During a review hearing in 2014, the circuit court was informed that petitioner required counseling because of her lack of progress in her improvement period. It was reported that petitioner was unwilling to prioritize her children over her romantic interests. Thereafter, the circuit court extended petitioner's post-adjudicatory improvement period. Additionally, in February of 2015, the circuit court granted petitioner an improvement period as disposition. At this point in the proceedings, the DHHR indicated that petitioner's substance abuse constituted the largest factor that prevented reunification with her children, as petitioner continued to test positive for controlled substances. The DHHR secured long-term inpatient substance abuse treatment for petitioner, but she left the program because she felt that she did not need such treatment. Following her exit from the program, petitioner tested positive for prescription drugs. Petitioner alleged that she had a prescription for the drugs, but her service provider later testified that she had "not seen a prescription for Percocet."

In April of 2016, the circuit court held a dispositional hearing, during which it found that petitioner failed to obtain suitable housing and was still engaged in an unstable parenting relationship. The circuit court found that petitioner had not made reasonable progress in correcting the conditions of abuse and neglect in the home. As such, the circuit court terminated petitioner's parental, custodial, and guardianship rights to the children. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

2

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights below.

On appeal, petitioner argues that the DHHR did not satisfy its burden of proof for termination. We have previously held that

"W.Va.Code, 49-6-2(c) [now West Virginia Code § 49-4-601], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997). According to petitioner, the evidence below not only failed to establish that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected, but it actually established that she complied such that reunification with the children was appropriate. The Court, however, does not agree. On the contrary, the evidence below established that petitioner's substance abuse issues continued throughout the pendency of the case, unabated. Moreover, petitioner remained married to the perpetrator of the domestic violence against her, although she alleged that the two were separated. As the circuit court noted in its dispositional order, petitioner was "in no better shape to reunify with [the] children" than she was two years prior.

Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected when

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

As addressed above, petitioner's substance abuse issues persisted throughout the proceedings, despite the fact that the DHHR obtained her placement in an inpatient treatment facility. Instead of completing this treatment, however, petitioner voluntarily chose to leave the program because she "was good and no longer needed treatment." Despite petitioner's belief that her substance abuse issues were corrected, the record shows that she continued to test positive for substances thereafter, including for Percocet, a medication that petitioner's service provider never verified

petitioner was actually prescribed. As such, it is clear that the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental, custodial, and guardianship rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon such findings.

Finally, the Court finds no merit to petitioner's argument that the circuit court inappropriately shifted the burden of proof in this matter. According to petitioner, the circuit court violated her due process rights by requiring her to prove that she did not abuse or neglect her children. Petitioner is correct that

> "[t]he burden of proof in a child neglect or abuse case does not shift from the State Department of [Health and Human Resources] to the parent, guardian or custodian of the child. It remains upon the State Department of [Health and Human Resources] throughout the proceedings." Syl. pt. 2, in part, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 4, *In re K.L.*, 233 W.Va. 547, 759 S.E.2d 778 (2014). However, petitioner's argument ignores the record on appeal, which clearly shows that the DHHR satisfied its burden with ample evidence, including testimony from petitioner's service provider. The DHHR presented the circuit court with evidence of petitioner's inability to correct the conditions of abuse and neglect, as outlined above. That petitioner sought to rebut this evidence is not proof that the circuit court impermissibly shifted the burden of proof.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 19, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker