## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **R.L.**

**No. 23-223** (Wayne County CC-50-2022-JA-107)

## MEMORANDUM DECISION

Petitioner Father T.L.[1] appeals the Circuit Court of Wayne County's March 22, 2023, order terminating his parental rights to R.L., arguing that the circuit court erred by not extending his improvement period and by terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's November 22, 2022, adjudicatory order and March 22, 2023, dispositional order, and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In October 2022, the DHS filed a petition, stating that the mother was arrested for possession of controlled substances while she was a passenger in a vehicle that was stopped by police. The then-two-year-old child was in the back seat without a car seat and the driver of the vehicle was found with drugs in her possession. The petition focused almost entirely on the mother's conduct and only made brief reference to the petitioner's history with Child Protective Services and stated that his parental rights to another child were previously involuntarily terminated due to his failure to establish paternity, failure to support the child, and failure to develop a relationship with the child.

In November 2022, the circuit court held an adjudicatory hearing at which the petitioner stipulated solely that he had a prior termination of his parental rights. From the record before this Court, it does not appear that the petitioner stipulated to a failure to have corrected the conditions

---

[1] The petitioner appears by counsel Sara Chapman. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine Campbell. Counsel Scott Bellomy appears as the child's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

that necessitated the prior termination, as the record does not include the petitioner's stipulation or the adjudicatory hearing transcript. However, the circuit court's adjudicatory order is similarly devoid of facts other than stating that the petitioner had a prior termination. The record is also absent of allegations or discussion by the DHS that the conditions from the petitioner's prior termination were ongoing. Ultimately, the court entered an order in which it "found clear and convincing evidence the child, [R.L.], is neglected based upon [the petitioner] . . . having prior terminations."[3] Thereafter, the circuit court terminated the petitioner's parental rights following a hearing in February 2023.[4] The petitioner appeals from the dispositional order.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further,

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009).

It is unnecessary to address the petitioner's specific assignments of error on appeal because we find that the circuit court failed to make sufficient adjudicatory findings necessary to exercise subject matter jurisdiction.[6] Although the petitioner does not raise this issue, this Court is obligated to examine whether sufficient jurisdiction existed for the circuit court to proceed to termination of the petitioner's parental rights. *See* Syl. Pt. 5, *In re Z.H.*, 245 W. Va. 456, 859 S.E.2d 399 (2021) (requiring that the Court address the issue of jurisdiction even if not raised by the parties). As we have explained, "[t]o exercise subject matter jurisdiction [over a child in an abuse and neglect proceeding], the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties

---

[3] Although the court referenced "terminations," the limited record before this Court indicates only one prior termination of the petitioner's parental rights. Further, the guardian erroneously states in his brief that the petitioner was adjudicated for failing to properly supervise and protect the child and having substance abuse issues. However, the guardian's citation to the appendix record in support of this assertion reveals no such facts.

[4] On appeal, the petitioner does not assign error to the court's termination ruling; therefore, we need not go into detail regarding the dispositional hearing.

[5] The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

[6] The petitioner's arguments relate to his improvement period and the termination of his parental rights.

2

named in the petition." Syl. Pt. 3, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023). Moreover "[w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court." *In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W. Va. 435, 518 S.E.2d 863 (1999)).

Here, the initial petition alleged only that the petitioner had a prior termination based upon his failure to establish paternity, failure to support the child, and failure to develop a relationship with the child, but failed to allege that the petitioner had not corrected these conditions or that these ongoing conditions harmed or threatened R.L. This error was compounded when, in its adjudicatory order, the circuit court did not include any findings about the petitioner's prior termination and undertook no review of the issues that necessitated that termination. Rather, the court stated only that the child was neglected due to the petitioner's prior termination, as if the termination itself was per se neglect. While the DHS may file a petition based upon a parent's prior termination, we have previously directed that "[t]here must be specific allegations and evidence of abuse or neglect of [the child], which could include demonstrating that [the child] was abused and/or neglected by showing the petitioner failed to correct the conditions that led to the prior termination." *In re K.L.*, 233 W. Va. 547, 554, 759 S.E.2d 778, 785 (2014). The DHS could have alleged that the conduct for which the petitioner was previously terminated had not been corrected. However, the DHS made no such allegation, and the circuit court did not review the petitioner's previous termination, thus, the petitioner's adjudication was error.

For the foregoing reasons, we vacate the circuit court's November 22, 2022, adjudicatory order as it relates to the petitioner's adjudication only; vacate the March 22, 2023, order terminating the petitioner's parental rights as it pertains to the petitioner only;[7] and remand this matter to the circuit court for further proceedings consistent with the applicable rules and statutes governing abuse and neglect proceedings. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: June 10, 2024

**CONCURRED IN BY**:

Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

---

[7] The vacation of these orders applies only to the petitioner. Those orders included certain provisions relating to the mother. Accordingly, the portions of the orders concerning the mother remain in full force and effect.

**DISSENTING**:

Chief Justice Tim Armstead
Justice John A. Hutchison


ARMSTEAD, Chief Justice and HUTCHISON, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.