## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.H.**

**No. 25-167** (Wood County CC-54-2024-JA-238)

## MEMORANDUM DECISION

Petitioner Mother J.D.[1] appeals the Circuit Court of Wood County's February 4, 2025, order terminating her custodial rights to A.H., arguing that the circuit court erred in denying her a post-adjudicatory improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition[3] in October 2024, shortly after the child's birth, alleging that the petitioner tested positive for amphetamine upon admission to the hospital and that the child's neonatal abstinence syndrome scores indicated that the child experienced withdrawal symptoms. The petitioner admitted that she used both marijuana and amphetamine while pregnant and reported a prior addiction to methamphetamine. The DHS noted that the petitioner's rights to three other children had been involuntarily terminated due to her methamphetamine use. The DHS alleged that the petitioner's circumstances had not changed since these terminations, evidenced by the petitioner's continued use of controlled substances while pregnant with A.H.

The court held an adjudicatory hearing in December 2024. The petitioner stipulated that she neglected the child, stating that she had not experienced a change in circumstances since her parental rights to her other children were involuntarily terminated in 2022, given her continued use of controlled substances. On this basis, the circuit court adjudicated the petitioner as a neglectful parent and A.H. as a neglected child. Prior to the hearing, the petitioner moved for a post-adjudicatory improvement period.

---

[1] The petitioner appears by counsel Thomas B. Karr. The Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Counsel SaraBeth Jett appears as the child's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The proceedings below concerned additional children and respondents not at issue on appeal.

1

In January 2025, the court took up the petitioner's motion along with disposition. The court admitted into evidence, without objection, a DHS report dated January 21, 2025, and a report from the court appointed special advocate ("CASA") dated January 22, 2025. The DHS report noted that the petitioner had tested positive for methamphetamine and amphetamine on five occasions between the filing of the petition in October 2024 and January 2025, and both reports noted the petitioner's multiple "no-shows" during intensive outpatient treatment. The petitioner testified that she participated in visitation throughout the case and shared a close bond with the child. She successfully completed an inpatient substance abuse treatment program in November 2024, which included a parenting course, but started using methamphetamine again after she transitioned to intensive outpatient treatment. In January 2025, the petitioner admitted herself to another inpatient program but left, against medical advice, following "a bad reaction . . . [to] some medication that they ha[d] given [her]." The petitioner admitted that she last used methamphetamine two days before the hearing but stated that she had subsequently checked herself into yet another inpatient program. The petitioner acknowledged that she participated "briefly" in services in the prior abuse and neglect case. The father and the child's kinship custodian each testified in support of the petitioner. In its closing argument, the DHS objected to an improvement period and instead recommended termination due to the petitioner's inability to maintain sobriety as well as her prior terminations for substance abuse. The guardian disagreed, arguing that an improvement period was in the child's best interest as it would offer the petitioner one "last chance" to demonstrate that she could obtain and maintain sobriety.

In its subsequent written order, the circuit court stated that in order to grant the petitioner an improvement period, it was required to find that she had demonstrated by clear and convincing evidence that she was likely to fully participate and that she had experienced a substantial change in circumstances—and that due to that change she was likely to participate in a further improvement period. The court then denied the petitioner's motion, as there was "no way" it could find that the petitioner had "proven by clear and convincing evidence that she [was] likely to fully participate in an improvement period or that she . . . experienced a substantial change in circumstances." In support, the court found that the petitioner had tested positive for amphetamine and methamphetamines on five occasions between October 2024 and January 2025 and admitted to using methamphetamine again two days before the hearing. The court terminated the petitioner's custodial rights to the child.[4] The petitioner now appeals this dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner asserts that the circuit court's denial of her motion for a post-adjudicatory improvement period was erroneous, noting that the court incorrectly ruled that the petitioner was required to show a substantial change in circumstances. West Virginia Code § 49-4-610(2)(B) permits a circuit court to grant an improvement period when a parent "demonstrates, by clear and convincing evidence, that [she] is likely to fully participate." We have further explained that circuit courts have discretion to deny an improvement period "when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448,

---

[4] The permanency plan for the child is reunification with the father, who is currently on an improvement period.

573 S.E.2d 354, 359 (2002). The petitioner is correct that the circuit court cited an *additional* requirement—that the parent demonstrate a substantial change in circumstances, and that due to that change, the parent was likely to participate in a further improvement period. *See* W. Va. Code § 49-4-610(2)(D). This requirement applies only when a parent has been granted an improvement period earlier in the proceedings, and it is undisputed that the petitioner had *not* been granted a previous improvement period. *See id*. However, we find that the circuit court's consideration of this additional requirement was harmless, as it also found that petitioner had not satisfied the appropriate statutory requirement in denying her motion. Further, ample evidence supports the circuit court's conclusion that the petitioner failed to demonstrate that she was likely to fully participate in an improvement period.[5] The petitioner had several recent positive drug screens, despite her attempts at recovery and despite her substance abuse resulting in prior terminations. She admitted to using methamphetamine again mere days before the hearing. Based on this evidence, we conclude that the circuit court did not abuse its discretion in denying the petitioner's motion. Accordingly, the petitioner is not entitled to relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 4, 2025, order is affirmed.

Affirmed.

**ISSUED**: January 29, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[5] The petitioner's reliance on *In re K.L.*, 233 W. Va. 547, 554, 759 S.E.2d 778, 785 (2014), to suggest that the circuit court engaged in improper burden-shifting is therefore misplaced, as that case involved the termination of a mother's parental rights after the court required her to prove that she did not neglect and or abuse her child. In order to be granted an improvement period, however, West Virginia Code § 49-4-610(2)(B) is clear that the *parent* must "demonstrate[], by clear and convincing evidence, that [she] is likely to fully participate."