**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **B.J.**

**No. 25-232** (Wood County CC-54-2024-JA-129)


**MEMORANDUM DECISION**


Petitioner Mother S.J.[1] appeals the Circuit Court of Wood County's March 19, 2025, order terminating her parental rights to B.J., arguing that the circuit court erred in adjudicating her based upon a prior termination.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in May 2024 shortly after B.J.'s birth, alleging that the petitioner tested positive for THC at delivery and therefore abused substances such that her proper parenting skills were impaired. The DHS also alleged that the petitioner's parental rights to another child, R.K., had been involuntarily terminated in December 2023. In the prior proceeding, the court found that the then-three-month-old R.K. suffered a serious injury while in the care of the petitioner and her boyfriend, R.B.,[3] and that the couple's explanations of the injury were unsupported by medical evidence. When a Child Protective Services ("CPS") worker attempted to question the petitioner at the hospital following B.J.'s birth, the petitioner was evasive, claiming she was a "protective, first-time parent[]" and denying any past experience with CPS. Noting her dishonesty, the DHS alleged that the petitioner had not experienced a change in circumstances since the recent termination of her rights to R.K.

The court held an adjudicatory hearing in September 2024. The petitioner testified to the prior termination of her parental rights, stating that she had accepted responsibility for R.K.'s injury—a spiral fracture to the child's arm—by "[a]cknowledging that it happened," though she stated she had not caused it. A copy of the dispositional order in that case was admitted into evidence. Although the petitioner admitted to writing a letter to the court in May 2024 requesting new counsel because her attorney was "trying to coerce [her]" to implicate R.B.—"[s]omething

---

[1] The petitioner appears by counsel Wells H. Dillon. The Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel SaraBeth Jett appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] R.B. is B.J.'s biological father.

[she] didn't agree with"—the petitioner then testified that R.B. "could have" fractured R.K.'s arm. The petitioner acknowledged that she attended only one individual therapy session since the prior termination and lied to hospital staff by stating that B.J. was her only child. R.B. then testified that he did not harm R.K. and did not know how the injury occurred, though it "could have been [the petitioner]." A CPS worker testified that the petitioner stated she was a first-time mother when interviewed at the hospital following B.J.'s birth. While the petitioner spoke to the worker, she was not willing to provide much information. A supervising CPS worker then testified that the petitioner was unwilling to speak with her at the hospital and would not even reveal B.J.'s name. The supervisor, who was the assigned worker in the prior case, testified that the petitioner had offered no explanation for R.K.'s spiral fracture.

Based upon this evidence, the circuit court found that the petitioner recently "had [her] parental rights involuntarily terminated . . . due to an unexplained spiral fracture to [R.K.]," noting that in that case, the petitioner "never explained or identified what could have caused that injury" and would not identify R.K.'s abuser. The court further found that, per the petitioner's May 2024 letter, she still would not identify the cause of R.K.'s injury or implicate R.B. Only at adjudication did the petitioner testify that R.B. "could have possibly caused the injury." The court also noted that the petitioner participated in only one therapy session since the prior proceeding. Concluding that the petitioner "ha[d] not experienced a change in circumstances since the termination of [her] parental rights," the court adjudicated her as an abusive and neglectful parent and B.J. as an abused and neglected child. Given that the petitioner challenges only her adjudication, it is sufficient to note that, following a dispositional hearing in October 2024, the circuit court terminated the petitioner's rights to B.J.[4] The petitioner now appeals from this dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner asserts that the circuit court erred in adjudicating her based upon the prior termination because her parental rights to R.K. "should have never been terminated." In essence, the petitioner challenges the sufficiency of the evidence supporting the circuit court's prior disposition and, as such, she is not entitled to relief. The petitioner readily admits that her opportunity to appeal the termination of her parental rights to R.K. "has long since passed." *See* W. Va. R. App. P. 5(b) (stating that a party must file a notice of appeal "[w]ithin thirty days of entry of the judgement being appealed"); *see also* W. Va. R. App. P. 5(f) (stating that "an appeal must be perfected within four months of the date the judgement being appealed was entered"). As it is undisputed that the petitioner did not appeal the order terminating her parental rights to R.K., we will not address the circuit court's earlier disposition.

Turning to the merits of the circuit court's adjudication, we note that West Virginia Code § 49-4-601(i) requires the DHS to prove the conditions of abuse and/or neglect by clear and convincing evidence. "Clear and convincing evidence means that more than a mere scintilla of evidence has been presented to establish the veracity of the allegations of abuse and/or neglect,

---

[4] The court also terminated B.J.'s father's parental rights. The child's permanency plan is adoption in the current placement.

but it does not impose as exacting an evidentiary burden as criminal proceedings which generally require proof beyond a reasonable doubt." *In re A.M.*, 243 W. Va. 593, 598, 849 S.E.2d 371, 376 (2020) (citations omitted). Regarding adjudications based upon prior terminations, we have explained that "the DHS is still required to *allege and prove* that [a] child 'was abused and/or neglected by showing [the parent] failed to correct the conditions that led to the prior termination of her parental rights.'" *In re D.B.*, No. 23-592, 2025 WL 1305829, at *2 n.4 (W. Va. May 6, 2025) (memorandum decision) (quoting *In re K.L.*, 233 W. Va. 547, 554, 759 S.E.2d 778, 785 (2014)). This is precisely what transpired below, as the DHS alleged and presented evidence at adjudication that the conditions leading to the termination of the petitioner's parental rights to R.K. had not been corrected. Ample evidence supports the circuit court's subsequent finding that the petitioner's circumstances remained unchanged, as she lied to hospital staff in an attempt to avoid CPS involvement, continued to deflect responsibility for R.K.'s injury, and remained equivocal at best regarding the child's abuser. As such, we see no reversible error in the circuit court's adjudication of the petitioner as an abusive and neglectful parent.[5]

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 19, 2025, order is affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[5] The petitioner raises an additional assignment of error, asserting that the circuit court erred in denying her motion for an improvement period and in terminating her parental rights with no post-termination visitation. However, contrary to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires a brief to "contain an argument clearly exhibiting the points of . . . law presented . . . and citing the authorities relied on," the petitioner's argument regarding these alleged errors includes no citations to applicable law regarding improvement periods, termination of parental rights, or post-termination visitation. Accordingly, the Court will not address this assignment of error. *See also In re D.T.*, No. 24-592, 2025 WL 3162156, at *3 n.8 (W. Va. Nov. 12, 2025) (memorandum decision) ("[T]his Court does not consider 'issues . . . [that] are not supported with pertinent authority' on appeal." (quoting *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996))).