# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: K.M.**

**No. 14-0863** (Ritchie County 13-JA-29)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, H.D., by counsel Paul V. Morrison II, and Petitioner Father, E.M., by counsel John Butler, filed this joint appeal from the Circuit Court of Ritchie County's August 6, 2014, order terminating their parental rights to one-year-old K.M. The Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jessica E. Myers, filed a response also in support of the circuit court's order. On appeal, petitioners argue that the circuit court (1) committed plain error and a due process violation in shifting the burden to them to prove that they remedied the circumstances of a prior involuntary termination to three of K.M.'s older siblings; and (2) erred in terminating their parental rights because they ultimately remedied the circumstances that led to the prior involuntary termination.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to K.M.'s birth, petitioners' parental rights to three older children were terminated in August of 2013. In those proceedings, petitioners stipulated to an unsafe and unhealthy home for children, improper parental care, and improper parental supervision. Following a failed improvement period, marked by petitioners' unwillingness to make efforts to correct the conditions at issue, the circuit court terminated their parental rights to those three children. Upon direct appeal, this Court affirmed that 2013 order. *See In re: K.H. II, E.M., and E.L.M.*, 13-0835, 2014 WL 211880 (W.Va. Supreme Court, January 17, 2014) (memorandum decision).

In October of 2013, K.M. was born to petitioners. Due to their prior termination, the DHHR immediately removed K.M. from the hospital and filed the underlying abuse and neglect petition against petitioners. In addition to the prior termination, the petition alleged that

---

[1] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

petitioners had not corrected the conditions that led to the prior termination and intended to leave the hospital with K.M. to return to their unsafe and unhealthy home. Petitioners waived their right to a preliminary hearing on the petition.

In March of 2014, the circuit court held an adjudicatory hearing. At the outset, the DHHR stated that the burden was on petitioners to prove that they had remedied the circumstances that led to their prior termination, and that the DHHR would call rebuttal witnesses thereafter. Petitioner Mother's counsel responded, "[w]e agree the burden is on the parents, Your Honor. We are prepared to offer testimony."[2] Without objection from either parent, the circuit court permitted them to call witnesses. However, later in that hearing, following a short recess, petitioners stipulated, under oath, that they had not remedied the circumstances that led to the prior termination. The circuit court accepted their stipulations and adjudicated them as abusing parents.

At a multidisciplinary meeting in April of 2014, petitioners sought financial assistance from the DHHR to obtain appropriate housing, but the DHHR refused to provide that financial assistance. By order entered on April 30, 2014, the circuit court granted petitioner's motion to direct the DHHR to pay petitioners' first month's rent and security deposit on a rental home.

In July of 2014, the circuit court held a dispositional hearing. At the conclusion of that hearing, the circuit court found that, despite the DHHR's financial assistance and petitioners' admitted knowledge that they needed to acquire appropriate housing for children, petitioners failed to make any progress in that regard in the ten months since their prior termination. In addition, the circuit court found that petitioners had not paid rent on their current housing in several months, which should have resulted in savings of $400 per month compared to their prior rent and that they demonstrated poor financial management. With no reasonable likelihood that the conditions at issue could be substantially corrected in the near future and for the child's welfare, the circuit court terminated petitioners' parental rights to that child.

In August of 2014, prior to the entry of a dispositional order, petitioners jointly moved the circuit court to hear additional evidence that they had "found housing." Thereafter, the circuit court denied petitioners' joint motion and entered its dispositional order. It found that, assuming their new housing was adequate, petitioners failed to demonstrate any progress prior to the dispositional hearing and that additional problems existed, such as improper financial management. Because the child deserved permanency, the circuit court found that a dispositional improvement period would not be in the child's best interests and that the only remaining alternative was termination of petitioners' parental rights to the child. This appeal followed.

The Court has previously established the following standard for reviewing a circuit court's order terminating parental rights:

---

[2]Petitioner Mother's counsel stated, again, later in the adjudicatory hearing that "the standard, it is my understanding, it is our burden to show that the conditions of the home are not the same as they were when the other children were removed and [petitioners'] rights were terminated."

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioners first argue that the circuit court committed plain error and a due process violation when it shifted the burden to them to prove that they had corrected the conditions that led to their prior termination of parental rights. We have explained that, even in cases arising from a prior termination pursuant to West Virginia Code § 49-6-5b(a)(3), the burden of proof does not shift from the DHHR to a child's parent, guardian, or custodian in abuse and neglect proceedings. *See* Syl. Pt. 5, in part, *In re George Glen B., Jr.*, 207 W.Va. 346, 532 S.E.2d 64 (2000) (stating that even in cases arising from a prior termination, "the Department of Health and Human Resources continues to bear the burden of proving that the subject child is abused or neglected."); Syl. Pt. 4, *In re: K.L.*, 233 W.Va. 547, 759 S.E.2d 778 (2014) (stating that "[t]he burden of proof in a child neglect or abuse case does not shift from the State Department of [Health and Human Resources] to the parent, guardian or custodian of the child. It remains upon the State Department of [Health and Human Resources] throughout the proceedings.").

However, it is well-established law that "[a] judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal." Syl. Pt. 4, *State v. Mann*, 205 W.Va. 303, 518 S.E.2d 60 (1999) (internal citations omitted). As this Court explained in *State v. Crabtree*, 198 W.Va. 620, 482 S.E.2d 605 (1996):

'Invited error' is a cardinal rule of appellate review applied to a wide range of conduct. It is a branch of the doctrine of waiver which prevents a party from inducing an inappropriate or erroneous response and then later seeking to profit from that error. The idea of invited error is not to make the evidence admissible but to protect principles underlying notions of judicial economy and integrity by allocating appropriate responsibility for the inducement of error. Having induced an error, a party in a normal case may not at a later stage of the trial use the error to set aside its immediate and adverse consequences.

*Id*. at 627, 482 S.E.2d at 612. As a branch of the waiver doctrine, invited error generally prevents this Court from finding a deviation of the rule of law. *See* Syl. Pt. 8, in part, *State v. Miller*, 194

W.Va. 3, 459 S.E.2d 114 (1995) (holding that "[a] deviation from a rule of law is error unless there is a waiver.").

In the case at bar, unlike the complaining parties in *In re: K.L.* or *In re: George Glen B., Jr.*, petitioners not only failed to object to presenting evidence before the DHHR, but, as clearly established in the record on appeal, they affirmatively accepted the burden without prompt from the circuit court. Prior to the circuit court's ruling on which party carried the burden of proof, petitioners agreed with the DHHR that the burden was theirs and indicated that they were prepared to move forward with their evidence. In response to this agreement, the circuit court effectively granted a request, stating, "[y]ou may do so." Although petitioners argue that we should address this issue under a plain-error analysis, as we did in *In re: K.L.*, it is unnecessary to invoke the plain error doctrine where we find that said error was invited by the complaining party. *See State v. Lambert*, 232 W.Va. 104, 750 S.E.2d 657 (2013) (concluding that it was unnecessary to reach plain error analysis where complaining party invited error). Based upon a thorough review of the record on appeal, we find that petitioners invited the error about which they now complain. Therefore, given the particular circumstances present in this matter, we find that petitioners have waived this issue for appellate review.

Petitioners' second and final assignment of error is that the circuit court erred in terminating their parental rights to K.L. because they, in fact, remedied the circumstances that led to their prior termination. West Virginia Code § 49-6-5(a)(6) provides for termination of parental rights upon the findings that there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected in the near future and that termination is necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(b)(3), a parent's failure to respond to or follow through with a reasonable family case plan or other rehabilitative efforts is a circumstance that constitutes no reasonable likelihood that conditions of neglect or abuse can be substantially corrected. Despite their claim that they remedied the conditions of neglect and abuse by finding new housing, petitioners admit that they had not found new housing by the time of the dispositional hearing. Importantly, petitioners provide no support for their contention that the circuit court erred in denying their motion to introduce additional evidence after the dispositional hearing and basing its decision on evidence presented at that hearing. At the dispositional hearing, the evidence clearly indicated that petitioners failed to take appropriate steps to find adequate housing between their prior termination and that hearing, even though the DHHR, by court order, provided them financial support for that purpose. For that reason, we find no clear error in the circuit court's findings. As explained by the circuit court, the petitioners' alleged "last minute accomplishment . . . is consistent with their conduct giving rise to the prior termination and supports a finding that they are incapable of recognizing and making a prompt and effective effort to address deficiencies[.]" Following a thorough review of the record on appeal, we find no error in the circuit court's denial of their motion to present additional evidence and its termination of petitioners' parental rights to K.L. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). It is clear from the record that K.L. has lived her entire life in foster care with this matter pending, and it is in her best interests to have stability and permanency. As the circuit court correctly noted, petitioners' motion to present additional evidence would, at best,

necessitate an additional period to monitor petitioners' improvement. We also find no error in the circuit court's conclusion not to grant petitioners a dispositional improvement period, given their lack of progress in this matter and the child's need for stability and permanency.

For the foregoing reasons, we affirm the circuit court's August 6, 2014, order.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis