# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: M.R.**

**No. 15-0422** (Wood County 14-JA-107)

**FILED**

September 21, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother T.S., by counsel Rhonda L. Harsh, appeals the Circuit Court of Wood County's April 8, 2015, order terminating her parental rights to two-year-old M.R. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Angela Brunicardi-Doss, filed her response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) shifting the burden to her to show a substantial change in circumstances from a prior termination case and (2) failing to grant her motion for an improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that petitioner was arrested November 21, 2014, when police pulled petitioner over and, in the vehicle, found 1.3 grams of marijuana in a diaper bag, four Vicodin pills, "a large amount of cash," and a semi-automatic pistol with ammunition, while petitioner had M.R. in that vehicle. Further, the petition alleged that petitioner lost custody of nine older children in prior abuse and neglect proceedings in this and another state, and that she was "elusive" with M.R., indicating that she attempted to hide the child from authorities.

In December of 2014, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations in the petition. However, the DHHR did not agree to paragraphs seven through

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

nine of the written stipulation,[2] which related to whether petitioner had substantially changed her circumstances since the prior terminations and would therefore be granted a six-month improvement period. At the hearing, counsel for the DHHR stated that paragraphs seven through nine of the prepared stipulation

> would be part of a dispositional hearing[], and [petitioner] would have to prove that. We are not in agreement that there have been substantial changes . . . . We're not in agreement that an improvement period should be granted. We believe that [petitioner] should have to present evidence . . . that there has been a substantial change in order for that to occur.

Without objection, the circuit court accepted the stipulation with the exception of paragraphs seven through nine.

From January to March of 2015, the circuit court held three dispositional hearings. In those hearings, petitioner moved for a post-adjudicatory improvement period, which the DHHR and guardian opposed. The circuit court heard evidence regarding petitioner's prior abuse and neglect proceedings and the incident in November of 2014. One prior abuse and neglect proceeding concerned a traumatic brain injury to one of petitioner's children, substance abuse, and domestic violence. At the conclusion of these hearings, the circuit court found that petitioner failed to satisfy her burden to demonstrate a substantial change in circumstances or that she was likely to comply with further services. The circuit court also made findings related to her arrest in November of 2014 and her prior terminations, noting that she remained in a volatile relationship with the individual whom she suspected of causing the traumatic brain injury to one of her children at issue in the prior termination proceedings years before. Given the evidence presented, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights to the child by order entered on April 8, 2015. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Although unclear from the record on appeal, it appears that petitioner's counsel prepared the written stipulation.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's first assignment of error on appeal is that the circuit court improperly shifted to her the burden of proof and to show a substantial change in circumstances from the conditions existing at the time of a prior abuse and neglect proceeding. At the outset, we note that petitioner failed to object on this ground or otherwise bring this issue to the attention of the circuit court. She now invites this Court to find plain error as to this assignment of error. We have held that "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). First and foremost, to qualify as plain error, we must find that error has occurred.

With regard to burden-shifting in abuse and neglect proceedings, we have explained that, even in cases arising from a prior termination pursuant to West Virginia Code § 49-6-5b(a)(3), the burden of proof to establish abuse or neglect of a child does not shift from the DHHR to a child's parent, guardian, or custodian. *See* Syl. Pt. 5, in part, *In re George Glen B., Jr.*, 207 W.Va. 346, 532 S.E.2d 64 (2000) (stating that even in cases arising from a prior termination, "the Department of Health and Human Resources continues to bear the burden *of proving that the subject child is abused or neglected.*") (emphasis added); Syl. Pt. 4, *In re: K.L.*, 233 W.Va. 547, 759 S.E.2d 778 (2014) (stating that "[t]he burden of proof in a child neglect or abuse case does not shift from the State Department of [Health and Human Resources] to the parent, guardian or custodian of the child. It remains upon the State Department of [Health and Human Resources] throughout the proceedings."). While petitioner invites this Court to apply our holding in *In re: K.L.* to the facts at issue herein, we find this case to be wholly distinguishable from our analysis in *In re: K.L.* In that case, the sole allegation involved a prior termination of parental rights, and the circuit court clearly shifted the burden onto the parent to prove that termination was not the proper disposition given that prior termination. Importantly, the burden in *In re: K.L.* did not relate to the parent's motion for an improvement period.

Here, however, we are confronted with a different case entirely. The petition in this matter, and the resulting stipulated abuse and neglect, was not solely based on a prior termination. Further, while petitioner is correct that a burden was placed upon her, it was not improperly shifted because it related to whether she should receive an improvement period. We have explained that, pursuant to West Virginia Code § 49-6-12, in order to obtain an improvement period a petitioner must "demonstrate[ ], by clear and convincing evidence, that [she] is likely to fully participate in the improvement period . . . ." Therefore, the burden to establish that a parent should receive an improvement period rests upon the parent. Petitioner herein agreed to stipulate to the abuse and neglect alleged in the petition prior to any discussion of her burden to prove a change in circumstances. It is clear from the record on appeal that the discussion of petitioner's burden arose in connection with her motion for an improvement period. The discussion of her burden began with paragraphs seven through nine in the written stipulation and concluded with the circuit court specifically noting her failure to satisfy that burden when it denied her motion for an improvement period. As petitioner, in fact and law, bears the burden to demonstrate that she will fully comply with an improvement period, we find no error, let alone

plain error, in the circuit court imposing such a burden upon her. Therefore, for the foregoing reasons, we reject petitioner's first assignment of error.

Petitioner's second and final assignment of error is that the circuit court failed to grant her motion for an improvement period when she claims to have substantially changed her circumstances since her prior terminations and expressed willingness to comply with services. Pursuant to West Virginia Code § 49-6-12(b)(2), circuit courts have discretion in determining whether to grant or deny an improvement period. Having reviewed the record and arguments in this matter, we find no reversible error in the circuit court's ruling. The circuit court heard evidence that petitioner had prior involuntary terminations that involved allegations of severe child abuse and domestic violence by the children's father, but she remained with that individual for years thereafter. She was also arrested while carrying the child in a vehicle with multiple drugs, substantial money, and a firearm, prompting the instant abuse and neglect proceeding. Given the history of petitioner's demonstrated conduct, we find no error in the circuit court's ruling that petitioner was not likely to comply with services in an improvement period.

For the foregoing reasons, we find no error in the circuit court's April 8, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II