# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **B.U.**

**No. 15-0911** (Raleigh County 13-JA-218-B)

## MEMORANDUM DECISION

Petitioner Mother C.U., by counsel Amber R. Hinkle, appeals the Circuit Court of Raleigh County's May 11, 2015, order terminating her parental rights to two-year-old B.U. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Christopher D. Lefler, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in allowing the DHHR to reopen its case to present additional evidence.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner previously had her parental rights to an older child involuntarily terminated. According to the petition, petitioner stipulated that she failed to protect her child from sexual abuse perpetrated by her boyfriend, J.R., in the prior proceeding. Because petitioner continued to deny any knowledge of the sexual abuse, the circuit court ultimately terminated her parental rights in the prior proceeding. As to the subsequently born B.U., the DHHR alleged that he was in imminent danger as a result of the continued aggravated circumstances, including the fact that J.R. was listed as B.U.'s biological father.

In December of 2013, petitioner waived her right to a preliminary hearing and left the issue of visitation to be determined by the multidisciplinary team. Beginning in June of 2014, the circuit court held a series of adjudicatory hearings during which the parties presented evidence. During the hearing on October 1, 2014, the circuit court heard arguments that the DHHR failed

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

to present sufficient evidence that petitioner failed to correct the prior conditions of abuse and neglect. Therefore, the DHHR moved to reopen the "record" to present additional evidence that the circumstances in petitioner's home were the same as they existed in the prior proceeding. Eventually, the circuit court granted the DHHR's motion to present additional evidence in accordance with this Court's recent decision *In Re: K.L.*, 233 W.Va. 547, 759 S.E.2d 778 (2014). During the final adjudicatory hearing on December 19, 2014, the DHHR presented additional evidence that petitioner failed to remedy the prior conditions of abuse and neglect. Petitioner testified on her own behalf. Ultimately, the circuit court adjudicated petitioner finding that "the circumstances as to [petitioner have] not changed from the prior case as to [her] association with [J.R.] and . . . [petitioner's] failure to protect still exist[s]."

In March of 2015, the circuit court held a dispositional hearing and found that petitioner failed to remedy the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights to her older child. Ultimately, the circuit court terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in allowing the DHHR to present additional evidence - after the DHHR rested - that she failed to remedy the conditions that led to the prior involuntary termination of her parental rights. To begin, we note that petitioner failed to cite to any legal authority that prohibits circuit courts from allowing a party to reopen its case to present additional evidence.[2] Nevertheless, we have explained that, even in cases arising from a

---

[2]Rule 10(c)(7) of the Rules of Appellate Procedure clearly provides that a petitioner's brief to this Court

> must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under

(continued . . . )

prior termination pursuant to West Virginia Code § 49-6-5b(a)(3), the burden of proof to establish abuse or neglect of a child does not shift from the DHHR to a child's parent, guardian, or custodian. *See* Syl. Pt. 5, in part, *In re George Glen B., Jr.*, 207 W.Va. 346, 532 S.E.2d 64 (2000) (stating that even in cases arising from a prior termination, "the Department of Health and Human Resources continues to bear the burden of proving that the subject child is abused or neglected."); Syl. Pt. 4, *In re: K.L.*, 233 W.Va. 547, 759 S.E.2d 778 (2014) (stating that "[t]he burden of proof in a child neglect or abuse case does not shift from the State Department of [Health and Human Resources] to the parent, guardian or custodian of the child. It remains upon the State Department of [Health and Human Resources] throughout the proceedings."). Furthermore, this Court has held that

> [i]t is within the sound discretion of the court in the furtherance of the interests of justice to permit either party, after it has rested, to reopen the case for the purpose of offering further evidence and unless that discretion is abused the action of the court will not be disturbed.

Syl. Pt. 4, *State v. Fischer*, 158 W.Va. 72, 211 S.E.2d 666 (1974). Upon review of the scant record on appeal, we find no error in the circuit court's decision to allow the DHHR to present additional evidence of abuse and/or neglect. Here, the DHHR appropriately moved to present additional evidence that petitioner abused and/or neglected B.U. Upon granting the DHHR's motion, the circuit court continued the adjudicatory hearing to allow the parties additional time to prepare their arguments. During the final adjudicatory hearing, the DHHR presented evidence of petitioner's failure to protect B.U. because she continued to maintain a relationship with J.R. who sexually abused her older child in a prior abuse and neglect proceeding. Further, petitioner testified on her own behalf. Based on the record before us, we find no abuse of discretion in the circuit court's ruling. As such, we find no merit to petitioner's assignment of error.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 11, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **March 7, 2016**

---

> headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

*See also State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132 (2013) (stating that "[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.").

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II