# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **E.T. and C.T.**

**No. 17-1085** (Mingo County 16-JA-51 and 52)

**FILED**

**April 13, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.T., by counsel Kathryn Cisco-Sturgell, appeals the Circuit Court of Mingo County's November 9, 2017, order terminating her parental rights to E.T. and C.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Susan J. Van Zant, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in finding that termination of her parental rights was supported by clear and convincing evidence and that the circuit court terminated petitioner's parental rights without a fair opportunity to participate in an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court vacates the circuit court's November 9, 2017, dispositional order due to the circuit court's failure to properly adjudicate petitioner. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

Before the proceedings that gave rise to this appeal, the DHHR filed a petition which named petitioner, then age 16, and her child E.T., as abused infants. This petition alleged that M.A., the father of E.T., was sexually abusing petitioner with her parents' knowledge. At the time of filing, petitioner was pregnant with C.T., who was also M.A.'s child. As a result of that petition, petitioner and E.T. were placed in a foster home together. Later, M.A. relinquished his parental rights to the children and pled guilty to multiple criminal charges related to his abuse of petitioner. Additionally, petitioner's parents were adjudicated as abusing parents and they stipulated to a disposition that terminated their custodial rights to petitioner and required they have no contact with petitioner without the approval of the circuit court.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In July of 2016, while petitioner was still a minor, the DHHR filed the instant petition alleging that petitioner provided inappropriate care for E.T. and C.T ("the children") and that E.T. suffered bruising that petitioner could not explain. Additionally, the petition alleged that petitioner considered voluntary relinquishment of her parental rights to the children because she did not feel she could deal with the stress of parenting. Because petitioner was a minor at the time this petition was filed, she was appointed counsel and a guardian ad litem.

Petitioner waived her preliminary hearing on July 20, 2016. The DHHR located a foster home that would care for petitioner and the children and provide assistance in teaching petitioner how to care for the children. The circuit court ordered that petitioner and her children be placed in that foster home.

In August of 2016, the circuit court granted petitioner a pre-adjudicatory improvement period. According to the certified docket sheet provided in the record, the circuit court, thereafter, held three review hearings. The docket sheet does not reflect the holding of an adjudicatory hearing, and no adjudication order was included in the appendix on appeal.

In October of 2017, the circuit court held a dispositional hearing. Petitioner did not appear for this hearing but was represented by counsel at that hearing. The circuit court "proceeded to take testimony and evidence in this matter as to the history of the case and the present condition of the children." Ultimately, the circuit court terminated petitioner's parental rights. Prior to termination, the circuit court made no findings as to whether petitioner abused or neglected the children, nor did it adjudicate petitioner as an abusing parent. Petitioner appeals the circuit court's November 9, 2017, order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The father's parental rights were terminated in an earlier proceeding. According to respondents, the children are currently placed in a foster home with a permanency plan of adoption in that home.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, we have held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

Upon our review, the Court finds that the circuit court erred in proceeding to termination of petitioner's parental rights without adjudicating her as an abusing parent. In regard to adjudication, we have set forth the following:

> In a child abuse and neglect hearing, before a court can begin to make any of the dispositional alternatives under [West Virginia Code § 49-4-604] it must hold a hearing under [West Virginia Code § 49-4-601] and determine "whether such child is abused or neglected." *Such a finding is a prerequisite to further continuation of the case*.

Syl. Pt. 1, *State v. T.C.*, 172 W.Va. 47, 303 S.E.2d 685 (1983)(emphasis added).

Although petitioner does not raise this issue on appeal, "the Court may consider a plain error not among the assignments of error but evident from the record and otherwise within its jurisdiction to decide" pursuant to Rule 10(c)(3) of the West Virginia Rules of Appellate procedure. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 3, *In re K.L.*, 233 W.Va. 547, 759 S.E.2d 778, 780 (2014)(quoting Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995)). It appears from the record provided that the circuit court made no findings regarding whether petitioner was an abusing parent or if the children were abused or neglected children, as required by West Virginia Code § 49-4-601. Rather, the circuit court granted petitioner a pre-adjudicatory improvement period and, after more than a year of said improvement period, terminated petitioner's parental rights. In its dispositional order, the circuit court noted that it took "evidence in this matter as to the history of the case and the present condition of the children." However the circuit court did not detail the scope of that evidence or use it as a basis for findings consistent with West Virginia Code § 49-4-601(i).[3]

---

[3]The relevant portion of West Virginia Code § 49-4-601(i) provides

> [a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and

(continued . . . )

The circuit court's failure to hold an adjudicatory hearing, a defect obvious in the record provided, was contrary to clearly settled law. West Virginia Code § 49-4-601(k) provides that "[t]he petition may not be taken as confessed." By failing to hold an adjudicatory hearing, the circuit court denied petitioner any opportunity to present evidence or challenges to the allegations in the petition. This Court has previously held that termination of parental rights on the basis of allegations never subject to adjudication is a substantial disregard for the applicable rules and statutes and warrants vacation of the dispositional order. See *In re Lilith H.,* 231 W.Va. 170, 744 S.E.2d 280 (2013). As a result of the circuit court's failure to hold an adjudicatory hearing, petitioner lost the fundamental right to parent her children. Accordingly, we find plain error in the proceeding below. Moreover, this failure constitutes a substantial disregard for the applicable rules and statutes such that vacation of the resulting dispositional order is warranted.

For the foregoing reasons, we vacate the circuit court's November 9, 2017, dispositional order as it relates to petitioner and remand this matter to the circuit court for the holding of an adjudicatory hearing in regard to petitioner, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code.[4] The circuit court is hereby ordered to hold the appropriate hearings and issue a final order in this case within sixty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded.

**ISSUED**: April 13, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent, all of which shall be incorporated into the order of the court. The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

[4]Further, based on the representations of respondents and the record on appeal, the Court finds that the children's current temporary placement is appropriate and in their best interest at this time. Accordingly, we instruct the circuit court to maintain this temporary placement until such time as the circuit court is tasked with determining an appropriate permanent placement for the children pursuant to West Virginia Code § 49-4-604(b) and the applicable Rules of Procedure for Child Abuse and Neglect Proceedings.