**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.B.**

**No. 23-592** (Marion County CC-24-2022-JA-155)

**MEMORANDUM DECISION**

Petitioner Mother A.M.[1] appeals the Circuit Court of Marion County's September 15, 2023, order terminating her parental, custodial, and guardianship rights to D.B.,[2] arguing that the circuit court abused its discretion in denying her motion for a post-adjudicatory improvement period and erred in terminating her parental rights to D.B. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's March 7, 2023, adjudicatory order and September 15, 2023, dispositional order, and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

On December 20, 2022, the DHS filed a petition alleging that the petitioner had abused and neglected D.B. by failing to protect him from his father's drug use and exposing him to drug paraphernalia. According to the DHS, the father fatally overdosed on fentanyl on December 18, 2022, while the child was in the home, and drug paraphernalia was found throughout the home within the child's reach. As a result of this incident, the petitioner was arrested and charged with child neglect. The DHS further alleged that the petitioner's parental rights to another child were terminated in 2016. However, the petition failed to indicate the basis of that termination.

The court held an adjudicatory hearing on February 13, 2023, at which the petitioner orally stipulated to the allegations in the petition. The petitioner testified that the home was in an unsafe

---

[1] The petitioner appears by counsel Christopher M. Wilson. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Kristen E. Ross. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Holly L. Netz appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

condition, drugs and drug paraphernalia were in the home that the child could access, she failed to protect the child from the father's drug use, and her parental rights to another child were involuntarily terminated in 2016. Based on the petitioner's stipulation, the circuit court found that the child was abused and neglected and adjudicated the petitioner as an abusing and neglecting parent. Notably, neither the court's colloquy at the hearing, nor the subsequently issued adjudicatory order, identified the issues the petitioner needed to address or correct by the final dispositional hearing. The petitioner later filed a motion for a post-adjudicatory improvement period.

As the resolution of the petitioner's appeal turns upon the petitioner's deficient stipulation at the adjudicatory stage of the proceedings, it is sufficient to note that, following a dispositional hearing in September 2023, the circuit court denied the petitioner's motion for an improvement period and terminated her parental, custodial, and guardianship rights to D.B.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). It is unnecessary to address the petitioner's specific assignments of error on appeal because the petitioner's oral stipulation at the adjudicatory hearing did not comport with Rule 26 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Further, because the petitioner's adjudication as an abusing parent was based on her defective stipulation, her adjudication was improper, and the circuit court lacked subject matter jurisdiction to proceed to disposition. *See In re Z.S.-1*, 249 W. Va. 14, 24, 893 S.E.2d 621, 631 (2023) ("Failure to render a proper adjudication deprives the court of jurisdiction to proceed to the dispositional phase of an abuse and neglect proceeding and is a clear violation of the established procedures governing abuse and neglect proceedings."). Although the petitioner does not raise this issue, this Court is obligated to examine whether jurisdiction existed for the circuit court to proceed to termination of the petitioner's parental rights. *See* Syl. Pt. 2, *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 801 S.E.2d 216 (2017) ("This Court, on its own motion, will take notice of lack of jurisdiction at any time or at any stage of the litigation pending therein." (quoting Syl. Pt. 2, *In re Boggs' Est.*, 135 W. Va. 288, 63 S.E.2d 497 (1951))); *see also* Syl. Pt. 4, *In re Z.H.*, 245 W. Va. 456, 859 S.E.2d 399 (2021) (holding that a lack of jurisdiction "may be taken notice of by this court on its own motion").

In *In re Z.S.-1*, this Court held that

Rule 26(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires a stipulated adjudication to include both "(1) [a]greed upon facts supporting court involvement regarding the respondent['s] problems, conduct, or condition" and "(2) [a] statement of respondent's problems or deficiencies to be addressed at the final disposition."

---

[3] D.B.'s father is deceased. The permanency plan for D.B. is adoption in his current placement.

249 W. Va. at 17, 893 S.E.2d at 624, Syl. Pt. 3. As we explained, "[i]ncluding both of these elements in a stipulated adjudication . . . helps to avoid discrepancies between adjudicatory and dispositional rulings." *Id.* at 23, 893 S.E.2d at 630. Here, the petitioner stipulated that her home was unsafe for D.B., D.B. could access drugs and drug paraphernalia, she failed to protect D.B. from his father's drug use, and her parental rights to another child were involuntarily terminated in 2016.[4] However, the stipulation failed to include a statement of the petitioner's problems or deficiencies to be addressed at the final disposition. *See id.* As a result, the petitioner's stipulation failed to meet the requirements of Rule 26(a). Thus, the circuit court erred in adjudicating the petitioner as an abusing parent and lacked jurisdiction to terminate her parental rights to D.B.

For the foregoing reasons, we vacate the circuit court's March 7, 2023, adjudicatory order; vacate the September 15, 2023, dispositional order; and remand this matter to the circuit court for further proceedings consistent with this decision. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**: May 6, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Charles S. Trump IV

---

[4] We note that the *basis* of the petitioner's prior termination was never alleged in the petition, admitted to by the petitioner, or introduced as evidence at any proceeding. As such, we find it necessary to remind the parties and the circuit court that a prior involuntary termination of parental rights is not a per se basis for adjudicating a respondent as an abusing parent. Indeed, West Virginia Code § 49-4-605 requires the DHS, absent an applicable exception, to *file* a petition when "the parental rights of the parent to another child have been terminated involuntarily." However, the DHS is still required to *allege and prove* that the child "was abused and/or neglected by showing [the parent] failed to correct the conditions that led to the prior termination of her parental rights." *See In re K.L.*, 233 W. Va. 547, 554, 759 S.E.2d 778, 785 (2014); *see also* Syl. Pt. 2., *In re George Glen B., Jr.*, 205 W. Va. 435, 518 S.E.2d 863 (1999) (explaining that, in cases involving a prior termination of parental rights, the issue to be reviewed by the circuit court is "whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child"). To be clear, for the circuit court to adjudicate the petitioner as an abusing parent based on the prior involuntary termination of her parental rights, the DHS must first allege in its petition that the petitioner failed to correct the conditions that led to her prior termination. Then, at the adjudicatory hearing, the DHS bears the burden of proving its allegations and that the child is an abused and/or neglected child, as those terms are defined in West Virginia Code § 49-1-201.

**DISSENTING:**

Justice Tim Armstead
Justice C. Haley Bunn

ARMSTEAD, Justice, and BUNN, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.